**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ROBERT FUGATE,**

    **Plaintiff,**

v.                                            Case No: 8:09-CV-2603-T-17AEP

**BAYOU MECHANICAL, INC.,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the *pro se* Plaintiff's Complaint (Dkt. No. 1), and Affidavit of Indigency (Dkt. No. 2), which the Court construes as a Motion for Leave to Proceed *In Forma Pauperis*.

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. §1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the Court is obligated to review the case and to dismiss it if the Court determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; and/or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the undersigned applied the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a cause of action. *See GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998).

As an initial matter, Plaintiff's Complaint is in fact a combination of three separate complaints filed as one document, the first complaint dated November 9, 2009, the second dated November 10, 2009, and the third dated June 26, 2007. The entire Complaint consists of a series of rambling, incoherent, and difficult to decipher allegations and a demand for $1,500,000.00 "plus costs and interest." The crux of Plaintiff's Complaint appears to be racial discrimination by Defendant employer and retaliatory termination for reporting Defendant's alleged noncompliance with occupational safety requirements. While Plaintiff alleges multiple state and federal causes of action, including violations of the Fair Labor Standards Act, due process, whistle blower statutes, and discrimination "pursuant to Chapter 760 of the Florida Civil Right Act, and/or Title VII of the Federal Civil Right Act, and/or the Age Discrimination in Employment Act, and/or the Americans with Disabilities Act as applicable," (Dkt. No. 1 at 2), the Court cannot discern any factual basis for these allegations. The Court does not bear the responsibility of reviewing and deciphering a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims. *See GJR Invs., Inc.*, 132 F.3d at 1369 (holding that while courts should show leniency to *pro se* litigants, "[y]et even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action").

In addition, Plaintiff has failed to properly allege that he has exhausted his administrative remedies as required under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"). *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir.2001) (stating that

before a plaintiff may sue for discrimination under Title VII, she must first exhaust her administrative remedies, the first step being "filing a timely charge of discrimination with the EEOC"); *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004) ("The ADEA requires that an individual exhaust available administrative remedies by filing a charge of unlawful discrimination with the EEOC before filing a lawsuit."); *Butler v. Greif, Inc.*, 325 Fed. App'x 748, 749 (11th Cir. 2009) ("Before filing suit under the ADA, a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC.").[1]

Moreover, notwithstanding his *pro se* status, Plaintiff must "conform to procedural rules." *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). Plaintiff fails to adhere to several requirements for filing a complaint. First, Plaintiff fails to comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff never alleged a proper basis for this Court's exercise of subject matter jurisdiction. Plaintiff has also failed to set forth a short and plain statement showing that he is entitled to relief.

Second, Plaintiff fails to comply with Rule 10 of the Federal Rules of Civil Procedure which requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Significantly, the Complaint

---

[1] While Plaintiff alleges that "[a] claim has been file [*sic*] to the florida commission on human relations in August 2005[,]" it is unclear whether this charge was presented to the EEOC, whether the EEOC issued a right-to-sue letter, and whether Plaintiff timely filed his Complaint after receiving a right-to-sue letter. *See, e.g.*, *Bost*, 372 F.3d at 1238 ("If the EEOC issues the employee a right-to-sue letter, the employee must file a complaint within 90 days of the receipt of the right-to-sue letter.")

lacks separate counts which makes it virtually impossible to determine exactly what claims Plaintiff asserts and the factual basis for those claims. Additionally, Plaintiff has not complied with Local Rule 1.05 which requires that all pleadings be double-spaced.

Accordingly, upon review and consideration of Plaintiff's Complaint (Dkt. No. 1), I recommend that the Court **DISMISS** the Complaint and **DENY without prejudice** Plaintiff's construed Motion for Leave to Proceed *In Forma Pauperis* (Dkt. No. 2). It is further recommended that the Court direct Plaintiff to file an Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty days (20) of the Court's Order, failing which may result in a dismissal of the action without further notice.[2]

**IT IS SO REPORTED** at Tampa, Florida on this 5th day of January, 2010.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

---

[2] Plaintiff should be advised that some organizations provide free or reduced-fee legal services, such as the Bay Area Legal Services or the Tampa Bay Chapter of the Federal Bar Association. Attached to this Report and Recommendation is a referral form titled "Pro Bono Civil Litigation Project" from the Tampa Bay Chapter of the Federal Bar Association. Plaintiff may consider this referral form and contact the Federal Bar Association should Plaintiff desire the Federal Bar Association's legal assistance with the prosecution of this action.

**NOTICE TO PARTIES**

      Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:
Hon. Elizabeth A. Kovachevich
Plaintiff, *pro se*